
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LYLE WESLEY HAYES,

         Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

         Defendant-Appellee.

No.   16-35011

D.C. No. CV-15-008-M-JCL

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Jeremiah C Lynch, Magistrate Judge, Presiding

Submitted January 5, 2018**

Before: THOMAS, Chief Circuit Judge, TROTT and SILVERMAN, Circuit
Judges.

     Lyle Wesley Hayes appeals from the district court's judgment affirming the

decision of the Commissioner of Social Security denying his application for

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo, *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we affirm.

Because treatment notes and Hayes's hearing testimony indicate that the medication he takes for congestive heart failure ("CHF") does not cause any side effects, the ALJ did not err at step two in finding that CHF was non-severe without considering the side effects Hayes now alleges or developing the record as to this issue. Hayes's additional argument that the ALJ erred in finding that CHF was non-severe by relying in part on the opinion of examining physician Dr. Walter is inapposite because the ALJ did not rely on Dr. Walter's opinion but referred only to Dr. Walter's observation that Hayes did not exhibit any signs or symptoms of CHF upon examination.

The ALJ did not err at step two in finding that Hayes's sleep apnea was non-severe without evaluating this impairment as specified under section 3.10 of the Listing of Impairments because section 3.10 pertains to the evaluation of disability at step three, 20 C.F.R. § 416.920(a)(4)(iii), and was therefore inapplicable to the ALJ's finding at step two. If Hayes means to argue that the ALJ erred at step three by not considering whether his sleep apnea met or equaled the criteria of section 3.10, his argument is meritless because he fails to explain

how his impairment meets or equals the criteria of section 3.10. *Burch v. Barnhart*, 400 F.3d 676, 682-83 (9th Cir. 2005).

The ALJ was not required to complete a psychiatric review technique form to determine the severity of any mental impairment because Hayes did not present a "colorable claim of mental impairment." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725-727 (9th Cir. 2011) (citation omitted).

The ALJ properly discounted treating physician Dr. Paddock's controverted opinion by providing at least two reasons that are specific, legitimate, and supported by substantial evidence. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Specifically, Dr. Paddock's opinion lacks support from a contemporaneous examination and is inconsistent with both Dr. Walter's opinion and findings upon examination. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ permissibly rejected opinion for reasons including lack of support from medical and other evidence). Although Hayes argues on a related note that the ALJ violated 20 C.F.R. § 404.1527(e)(1)(i) (effective Aug. 24, 2012 to Mar. 26, 2017) because Dr. Walter was "deprived of pertinent medical records," his argument is meritless. The cited regulation describes what the State agency's non-examining medical consultants will do when reviewing the record, but does not

impose any obligation on the ALJ or relate to the work of a consultative examiner like Dr. Walter.

Although the ALJ erred by discounting vocational counselor Mr. Fowler's lay opinion because he is not an "acceptable medical source," *see* 20 C.F.R. § 416.927(f) (opinions of medical and non-medical sources will be evaluated according to the same factors), the error was harmless. The ALJ properly discounted Mr. Fowler's opinion for two other germane reasons, namely the fact that Mr. Fowler's opinion is inconsistent with both Dr. Walter's opinion and Hayes's lack of medical treatment. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

Hayes contends that the ALJ erred by failing to discuss treatment notes from Dr. Forney-Gorman containing diagnoses of headaches and depression, but he does not discuss any such evidence in his briefing. Moreover, a review of Dr. Forney-Gorman's treatment notes reveals no mention of headaches and only one assessment of "mild depression" more than one year before the application date. Because Hayes fails to explain how this evidence is significant or probative, he fails to show that the ALJ erred by not discussing it. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

Because Hayes did not allege disability on the basis of any mental impairment and does not point to any treatment of mental impairment during the adjudicatory period or medical opinions indicating that he endures functional limitations as a result of mental impairment, a mental consultation was not required to properly resolve his claim. 20 C.F.R. § 416.919f.

The ALJ properly discredited Hayes's testimony on the severity of his symptoms by providing at least two specific, clear, and convincing reasons. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Hayes's allegation of disabling impairment is inconsistent with his admitted abilities to care for himself without any trouble, prepare meals for himself, do laundry, and drive. *See Garrison*, 759 F.3d at 1015 (ALJ may discredit claimant's testimony if inconsistent with reported activities). His complaint of fatigue is also inconsistent with objective medical evidence and Hayes's lack of medical treatment. *See Burch*, 400 F.3d at 681 (ALJ may discount credibility of claimant's complaint if unsupported by objective medical evidence).

In the end, the ALJ properly included in the residual functional capacity assessment and hypothetical question to the vocational expert only those limitations he found credible and supported by substantial evidence. *See Bayliss*, 427 F.3d at 1217.

**AFFIRMED.**